IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| TIMOTHY L. ASHFORD, TIMOTHY L. ASHFORD, P.C.L.L.O., | ) ) ) | |
| Plaintiffs, | ) ) | 8:15CV8 |
| v. | ) ) ) | |
| W. RUSSELL BOWIE, in his Official Capacity, CRAIG McDERMOTT, in his Official Capacity, LESLIE JOHNSON, in her Official Capacity, SHELLY STRATMAN, in her Official Capacity, JOHN DOES, 1-1000, JANE DOES, 1-1000, | ) ) ) ) ) ) ) ) ) | ORDER |
| Defendants. | ) ) | |

This matter is before the Court on plaintiff's motion for extension of time to serve defendants (Filing No. 34). Defendants Douglas County, John Does, 1-1000, and Jane Does, 1-1000, filed a brief in opposition (Filing No. 35). After review of the motion, brief, and applicable law, the Court will deny the plaintiff's motion for an extension.

**Facts and Procedural History**

Plaintiff, Timothy L. Ashford ("Ashford"), filed a complaint against Douglas County, the State of Nebraska, John Does, 1-1000, Jane Does, 1-1000, and various Douglas County employees on January 12, 2015 (Filing No. 1). Plaintiff filed a second amended complaint[1] on September 1, 2015 (Filing No. 31). The plaintiff had 120 days from the filing of the second amended

---

[1] The pleading entitled "first amended complaint" was stricken from the record as being an incorrect document (*See* Filing No. 32).

complaint to complete service. Summons were issued to a number of defendants on December 29, 2015 (Filing No. 33). However, there is no record that any defendant has been served a summons with a copy of the complaint as required by Federal Rule of Civil Procedure 4. Plaintiff now moves this Court for an additional 21 days to serve the defendants.

**Analysis**

Federal Rule of Civil Procedure 4(m) provides:

> If a defendant is not served within 120 days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against the defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

*See* Fed.R.Civ.P. 4(m). The Eighth Circuit has held dismissal for failure to prosecute is well within the court's discretion. *See Roberts v. Missouri Div. of Employment*, 636 F.2d 249, 250 (8th Cir. 1980).

In this case, the plaintiff has failed to serve any of the defendants. The plaintiff has not executed service to the defendants to which summons have been issued. Summons have not been issued for three defendants. In addition, the plaintiff has failed to show good cause for the failure to timely serve. Therefore, the plaintiff's motion for extension of time to serve defendants will be denied. As a result, the plaintiff's complaint will be dismissed without prejudice as to all

defendants, pursuant to Federal Rule of Civil Procedure 4(m).  Accordingly,

IT IS ORDERED:

1) The plaintiff's motion (Filing No. 34) for extension of time to serve defendants is denied.

2) The plaintiff's second amended complaint (Filing No. 31) is dismissed as to all defendants.

DATED this 11th day of January, 2016.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court