IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| TIMOTHY L. ASHFORD, TIMOTHY L. ASHFORD, P.C.L.L.O., | ) ) ) | |
| Plaintiffs, | ) ) | 8:15CV8 |
| v. | ) ) ) | |
| DOUGLAS COUNTY, STATE OF NEBRASKA, JOHN DOES, 1-1000, JANE DOES, 1-1000, W. RUSSELL BOWIE, In His Official Capacity, CRAIG MCDERMOTT, In His Official Capacity, HORACIO WHEELOCK, Individually and in his official capacity, THOMAS RILEY, Individually and in his official capacity, DENISE FROST, Individually and in her official capacity, JAMES GLEASON, Individually and in his official capacity, TIMOTHY BURNS, Individually and in his official capacity, and DERICK VAUGHN, Individually and in his official capacity, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | MEMORANDUM AND ORDER |
| Defendants. | ) ) | |

This matter is before the Court on plaintiffs' motion (Filing No. 37) to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e). Defendant Douglas County filed a brief in opposition (Filing No. 46), to which the plaintiffs replied (Filing No. 48). In addition, State Defendants Denise Frost, and the Honorables Craig McDermott, Derick Vaughn, Russell Bowie, Timothy Burns, James Gleason, and Horacio Wheelock filed an opposition to the plaintiffs' motion (Filing No. 47). The plaintiffs replied to the opposition

(Filing No. 49).  After reviewing the motion, briefs, and applicable law, the Court finds as follows.

**Background and Procedural History**

The plaintiffs filed a complaint against Douglas County, the State of Nebraska, John Does, 1-1000, and Jane Does, 1-1000 on January 12, 2015 (Filing No. 1).  On September 1, 2015, the plaintiffs filed a Second Amended Complaint including additional defendants (Filing No. 31).  The plaintiffs had 120 days from the day of the filing of the Second Amended Complaint to complete service.  On December 29, 2015, summons were issued as to defendants Denise Frost, Thomas Riley, the State of Nebraska, and the Honorables W. Russell Bowie, Timothy Burns,, James Gleason, Craig McDermott, Derick Vaughn, and Horacio Wheelock (Filing No. 33).  On December 30, 2015, the deadline for serving summons, the plaintiffs filed a motion to extend the time to serve the defendants (Filing No. 34).  The same day, defendant Douglas County filed a brief in opposition to the motion to extend (Filing No. 35).  The Court denied the plaintiffs' motion to extend (Filing No. 36).  At the time of the order, the plaintiffs had failed to file any executed summons for the named defendants.  In addition, this Court found that the plaintiffs failed to show good cause for failure to timely serve.  The amended complaint was dismissed as to all defendants (*Id.*).

The plaintiffs move this Court to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e).  The

plaintiffs argue that the defendants were served within the 120-day limit for service of process, and therefore, dismissal of the case was improper.  Defendant Douglas County opposes the motion to alter or amend.  Douglas County points out that they have yet to be served by the plaintiffs, and therefore should be dismissed from the lawsuit.  In addition, the State Defendants also object to the plaintiffs' motion to alter or amend.  On December 31, 2015, the plaintiffs mailed summons to defendants Bowie, Burns, Gleason, Vaughn, Riley, and McDermott.  On January 6, 2016, plaintiffs served defendant Wheelock.  As of today, there is no returned executed summons for defendant Frost or Douglas County.

**Law**

Under Federal Rule of Civil Procedure 59, a party may motion the Court to alter or amend a judgment no later than 28 days after the entry of judgment.  Fed.R.Civ.P. 59(e).  Rule 59(e) motions serve a limited function of correcting "manifest errors of law or fact or to present newly discovered evidence." *United States v. Metropolitan St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006)(quoting *Innovative Home Health Care v. P.T.-O.T. Assoc. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998)).

Rule 4 provides that a "summons must be served with a copy of the complaint.  The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service."  Fed.R.Civ.P. 4(c)(1).  An individual within the

United States may be served "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."  Fed.R.Civ.P. 4(e)(1).  "Unless service is waived, proof of service must be made to the court."  Fed.R.Civ.P. 4(l)(1).

Under Nebraska law, "[a]n individual party other than a person under the age of fourteen years, may be served by personal, residence, certified mail, or designated delivery service."  Rev. Stat. § 25-508.01(1).  If service is made "under Rule 5(b)(2)(C), (D),(E), or (F), 3 days are added after the period would otherwise expire under Rule 6(a)."  Fed.R.Civ.P. 6(d).  Rule 5(b)(2)(C) includes "mailing it to the person's last known address -- in which event service is complete upon mailing."

**Discussion**

The plaintiffs move this Court to alter or amend the judgment which denied the plaintiffs' motion for extension to serve the defendants and dismissed the amended complaint (*See* Filing No. 36).  The plaintiffs' deadline to serve the defendants was December 30, 2015.  As of January 11, 2016, the Court was not aware that any defendants were served because the plaintiffs failed to provide proof of service to the Court as required by Rule 4.  As a result, the Court dismissed the complaint against the defendants for failing to serve and failing to show good cause for failure to timely serve.

On January 15, 2016, the plaintiffs filed returned executed summons for some of the named defendants. The summons for defendants McDermott, Vaughn, Gleason, Riley, Burns, and Bowie were mailed on December 31, 2015. The summons for defendant Wheelock was mailed on January 6, 2016. Defendants Douglas County and Frost have yet to be served.

Under Rule 6(d), three days additional time is added for certain kinds of service. Therefore, the summons that were mailed on December 31, 2015, fall into the three additional days. The Court was unaware of the fact that the plaintiffs served some of the defendants on December 31, 2015, when it entered its order dismissing the complaint. Therefore, the Court will amend its judgment in part because defendants McDermott, Vaughn, Gleason, Riley, Burns, and Bowie were timely served.

Defendant Wheelock was not timely served. In addition, defendants Frost and Douglas County have not been served as of today. The Court will not alter or amend its judgment as to the motion to extend to serve the defendants. Therefore, the second amended complaint is still dismissed as to defendants Wheelock, Frost, and Douglas County. Accordingly,

IT IS ORDERED:

1) Plaintiffs' motion to alter or amend the judgment (Filing No. 37) is granted in part. The portion of the Court's Order (Filing No. 36) dismissing the amended complaint as to defendants McDermott, Vaughn, Gleason, Riley, Burns, and Bowie is vacated.

-5-

2) The amended complaint remains dismissed as to defendants Wheelock, Frost, and Douglas County.

DATED this 9th day of May, 2016.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court