IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| TIMOTHY L. ASHFORD, TIMOTHY L. ASHFORD, P.C.L.L.O., | ) ) ) | |
| Plaintiffs, | ) ) | 8:15CV8 |
| v. | ) ) | |
| W. RUSSELL BOWIE, CRAIG MCDERMOTT, THOMAS RILEY, JAMES GLEASON, TIMOTHY BURNS, and DERICK VAUGHN, Individually, | ) ) ) ) ) ) | MEMORANDUM OPINION |
| Defendants. | ) ) | |

This matter is before the Court on the motion of defendants, W. Russell Bowie, Craig McDermott, Thomas Riley, James Gleason, Timothy Burns, and Derick Vaughn (collectively the "defendants") to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (Filing No. 54). The matter has been fully briefed. *See* Filing Nos. 55, 59, and 60. After review of the motion, the parties' briefs, and the applicable law, the Court finds as follows.

**BACKGROUND**

Plaintiffs filed suit on January 12, 2015 (Filing No. 1). On September 1, 2015, the Court granted plaintiffs leave to amend their complaint for a second time (Filing No. 32). The Second Amended Complaint ("SAC") alleges violations of the Nebraska Political Subdivisions Tort Claims Act, Neb. Rev. Stat. §§ 13-901 to 13-928, civil rights violations under 42 U.S.C. §§ 1981 and 1983, Title VII violations, as well as violations of the Nebraska and United States Constitutions. *See generally*

Filing No. 31. Specifically plaintiffs allege defendants denial of his application to be "placed on the list by the panel to receive court appointment in murder cases" is racially based and in violation of the law. (*Id.* at 7).

On January 11, 2016, the Court denied plaintiffs' request for an extension of time to serve some of the named defendants and dismissed the SAC as to all defendants. The Court reasoned plaintiffs "failed to serve any of the defendants . . . ha[d] not executed service to the defendants to which summons had[d] been issued . . . [and] [s]ummons ha[d] not been issued for three defendants." (Filing No. 36 at 2). The Court also found that plaintiffs "failed to show good cause for the failure to timely serve." (*Id.*)

However, on May 9, 2016, the Court altered and amended in part, the January 11, 2016, dismissal. *See* Filing No. 52. In the Court's May 9, 2016 order, the Court stated: "[a]s of January 11, 2016, the Court was not aware that any defendants were served because plaintiffs failed to provide proof of service to the Court as required by Rule 4." (*Id.* at 4). The Court then recognized that "[o]n January 15, 2016, the plaintiffs filed returned executed summons for some of the named defendants." (*Id.* at 5). The Court then amended the part of the January 11,

2016 order that dismissed defendants McDermott, Vaughn, Gleason, Riley, Burns, and Bowie.[1]  (*Id.*)

On May 19, 2016, the now reinstated defendants moved to dismiss under Federal Rule of Civil Procedure 12(b)(6) claiming the applicability of judicial and quasi-judicial immunity bars plaintiffs' claims.

**LAW**

   **A. Judicial Immunity**

"[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages."  *Mireles v. Waco*, 502 U.S. 9, 11, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S. Ct. 2806, 86 L. Ed. 2d 411 (1985)).  The United States Supreme Court has determined that judicial immunity "is overcome in only two sets of circumstances.  First, a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity . . . .  Second, a judge is not immune for actions though judicial in nature, taken in the complete absence of all jurisdiction."  *Mireless*, 502 U.S. at 11 (citing *Forrester v. White*, 484 U.S. 219, 227-29, 108 S. Ct. 538, 98 L. Ed. 2d 555 (1988); *Stump v. Sparkman*, 435 U.S. 349, 360, 356-57, 98 S. Ct. 1099, 55 L. Ed. 2d 331 (1978); *Bradley v. Fisher*, 80 U.S. 335, 351, 20 L. Ed. 646 (1872)).

---

[1] The defendants are being sued only in their individual capacities in accordance with the Court's May 9, 2016, order due to plaintiffs' failure to serve the State of Nebraska and Douglas County.

In order to determine whether the act is judicial, the United States Court of Appeals for the Eighth Circuit has provided: "[a]n act is a judicial act if it is one normally performed by a judge and if the complaining party is dealing with the judge in his judicial capacity." *Schottel v. Young*, 687 F.3d 370, 373 (8th Cir. 2012) (quoting *Birch v. Mazander*, 678 F.2d 754, 756 (8th Cir. 1982) (internal citations omitted)).

**B. Quasi-Judicial Immunity**

"When judicial immunity is extended to officials other than judges, it is because their judgments are functionally comparable to those of judges -- that is, because they, too, exercise a discretionary judgment as a part of their function." *Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir. 1994) (quoting *Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 436, 113 S. Ct. 2167, 124 L. Ed. 2d 391 (1993) (internal citations and quotations omitted)). Extension of this quasi-judicial immunity turns on "the nature of the function performed, not on the officer's title." *Freeze*, 15 F.3d at 109 (internal citation omitted).

**DISCUSSION**

The Court finds that defendants' motion should be granted. Defendants Bowie, McDermott, Gleason, Burns, and Vaughn are entitled to judicial immunity. Defendant Riley is entitled to quasi-judicial immunity.

Plaintiffs argue the defendants' actions "in denying [p]laintiff selection on the panel to represent indigent defendants in court appointed murder trials are administrative

rather than judicial or adjudicative in nature." (Filing No. 59 at 6). Furthermore, plaintiffs contend the decisions by defendants in denying plaintiff selection on the panel are similar to "decisions to demote and discharge . . . [and] are indistinguishable from those of an executive branch official responsible for making . . . personnel decisions . . . ." (*Id.* at 5). In an attempt to bolster their argument, plaintiffs rely on the fact that Douglas County District Court Local Rule 4-17(2) puts "two private attorneys who are experienced in criminal defense work, and the Douglas County Public Defender" on the Selection Committee. Douglas County District Court Local Rule 4-17(2); *see also* Filing No. 59 at 6 (stating "[t]he fact that Public Defender Tom Riley serves on the panel makes this an administrative function.").

The Court disagrees with plaintiffs that defendants are performing an administrative or executive function. While the Court notes the existence of a split of authority on the issue, the Court agrees with the view that judicial immunity applies to cases involving the selection of attorneys to be included on lists for court appointments. *Compare Davis v. Tarrant Cnty., Tex.*, 565 F.3d 214, 228 (5th Cir. 2009) (affirming district court's dismissal of criminal defense attorney's § 1983 action after defendant-judges denied the attorney's application to be included on list of attorneys eligible for court-appointed felony cases under the doctrine of judicial immunity), *Roth v. King*, 449 F.3d 1272, 1286-87 (D.C. Cir. 2006) (holding that defendants were

acting in a "'judicial capacity' in selecting attorneys for inclusion on the panels . . . [and were] immune from suits for injunctive relief under § 1983."), *and Durrance v. McFarling*, No. 4:08-cv-289, 2009 WL 1577995, at *3 (E.D. Tex. June, 4, 2009) (collecting cases and providing that "[t]he few courts that have considered lawsuits arising out of a judge's role in maintaining lists from which counsel may be appointed to represent indigent criminal defendants have generally decided with relative ease that those acts are judicial in nature."), *with Mitchell v. Fishbein*, 377 F.3d 157 (2d Cir. 2004) (reversing the lower court's dismissal of §§ 1981 and 1983 action and concluding that quasi-judicial immunity was inapplicable to screening committee's decisions about individual attorneys allowed to be given court-appointed cases), *and Richardson v. Koshiba*, 693 F.2d 911, 914 (9th Cir. 1982) (determining that decisions "to nominate individuals to fill judicial vacancies and to determine whether to retain sitting judges when their terms expire" constituted "executive" functions not entitling decision-making judges to judicial immunity).

       The United States Courts of Appeals for the D.C. and Fifth Circuits' rationales are premised on the fact that "[t]he appointment of counsel for indigent defendants in criminal cases is a normal judicial function." *Davis*, 565 F.3d at 223; *see also Roth*, 449 F.3d at 1286-87. The United States Court of Appeals for the Fifth Circuit further explained, "the act of selecting applicants for inclusion on a rotating list of attorneys eligible

for court appointments is *inextricably linked to and cannot be separated from the act of appointing counsel in a particular case*, which is clearly a judicial act . . . protected by judicial immunity." *Davis*, 565 F.3d at 226 (emphasis added).

The Court agrees with this reasoning and finds that the judicial defendants are entitled to judicial immunity. In addition, the Court rejects plaintiffs' contention that because multiple judges as well as non-judges serve on the selection committee, the Court should change its analysis and find that the committee was performing an administrative or executive function. The Court will thus grant defendants' motion to dismiss as to defendants Bowie, McDermott, Gleason, Burns, and Vaughn.

Furthermore, because the Court finds that the defendants were engaged in a judicial, rather than administrative or executive act, the Court likewise finds that defendant Riley is entitled to quasi-judicial immunity and the action against him should likewise be dismissed. *See Freeze*, 15 F.3d at 109. Accordingly, defendants' motion to dismiss will be granted. Plaintiffs' complaint will be dismissed with prejudice as to all defendants. A separate order will be entered herein in accordance with this memorandum opinion.

DATED this 8th day of August, 2016.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court